FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 APR 23 AM 11:56

U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIAM L. STONE and STONE )
BUILDING COMPANY, INC., )
    Plaintiff(s); )
 )
-vs.- ) No. CV-96-P-3378-S
 )
PENN NATIONAL INSURANCE )
COMPANY; JOHN DORSETT; and )
DAVID HARDIN, )
    Defendant(s). )

ENTERED

APR 2 4 1997

## OPINION

The plaintiffs' Motion to Remand was considered at a prior motion docket. For the following reasons, this motion is due to be granted.

### Facts and Allegations

This case arises out of defendant Penn National Insurance Company's failure to pay benefits for legal defense under a general liability policy insuring plaintiffs William L. Stone and Stone Building Company, Inc. Stone and Stone Building are Alabama citizens. Penn National is a citizen of Pennsylvania. Stone and Stone Building were sued in 1995. They engaged attorneys to defend the suit and notified defendant John Dorsett, an Alabama resident, who was an adjuster involved in handling the claim. Stone and Stone Building allege that Dorsett told them that Penn National would contact the attorneys and that the representation should continue. Stone and Stone Building allege that they relied on this statement to continue using their attorneys' services, and that Dorsett and Penn National knew that Penn National would deny the plaintiffs' claims for legal defense at the time Dorsett made the statement.

The plaintiffs filed their complaint on November 21, 1996 in the Circuit Court of Jefferson

7

County, Alabama. In their complaint, the plaintiffs assert four counts: 1) breach of contract by Penn National; 2) bad faith refusal to pay by Penn National; 2) fraud and misrepresentation by Penn National and Dorsett; 4) fraud and misrepresentation by Penn National and defendant David Hardin. Hardin is not a resident of Alabama. Penn National and Hardin removed the case on the basis of diversity, asserting that Dorsett, the only Alabama resident defendant, was fraudulently joined. The plaintiffs filed their Motion to Remand on January 21, 1997. The plaintiffs contend that Dorsett was not fraudulently joined. The defendants contend in response that Dorsett was fraudulently joined because the complaint fails to state a cause of action against Dorsett.

### Analysis

The doctrine called "fraudulent joinder" applies when the party opposing remand can show either that there is no possibility that the plaintiff can establish any cause of action against the resident defendant or that the plaintiff has fraudulently pled facts to defeat federal jurisdiction. *Cabalceta v. Standard Fruit*, 883 F.2d 1553, 1561 (11th Cir. 1989). If a resident defendant is fraudulently joined, that defendant's citizenship will be disregarded for the purposes of determining diversity jurisdiction. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). The defendant bears the burden of proving that the plaintiff has stated no cause of action against the resident defendant under applicable state law. *Cabalceta*, 883 F.2d at 1561-62.

To establish a prima facie case of fraud in Alabama, the plaintiff must demonstrate the existence of a false representation of an existing material fact upon which the plaintiff justifiably relied to his detriment. *Pinyan v. Community Bank*, 644 So. 2d 919, 923 (Ala. 1994). Stone and Stone Building have alleged that Dorsett falsely represented that representation by the attorneys they had already engaged should continue, causing Stone and Stone Building to continue to use

2

their attorneys' services and thus incur further legal fees. Because the plaintiffs have stated at least a possible cause of action against defendant Dorsett, his citizenship may not be disregarded for the purposes of determining diversity, and this case is due to be remanded.

Dated: April 23, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Ted Taylor
    Mr. Thomas P. Melton. IV
    Mr. T. Samuel Duck